JUSTIN M. HEILIG
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
45 Broadway – Suite 1500
New York, NY 10006
(212) 669-0600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QT TRADING, LP,<br><br>                  Plaintiff,<br><br>  - against -<br><br>M/V PACIFIC DESTINY, her engines, boilers, tackle, etc., *in rem*, SAMYOUNG AMERICA, LTD., CAPE DENISON SCHIFFAHRTS GMBH & CO. KG, KONIG & CIE. GMBH & CO. KG, COLUMBIA SHIPMANAGEMENT (DEUTSCHLAND) GMBH, and SWIRE SHIPPING LTD., *in personam*,<br><br>                  Defendants. | <br><br>**VERIFIED COMPLAINT** |

Plaintiff, QT TRADING, LP ("QT Trading"), by and through its attorneys, Hill Rivkins & Hayden LLP, as and for its Complaint against the above-named Defendants, alleges upon information and belief as follows:

1.    At and during all material times mentioned herein, Plaintiff was and is now a corporation or other business entity organized and existing by virtue of Delaware law with an address at 2207 Concord Pike, Box 405, Wilmington, DE 19803-2908.

2. At and during all material times mentioned herein, defendant SAMYOUNG AMERICA, LTD. ("Samyoung") was and is a corporation or other business entity organized and existing by virtue of New York law with an office and place of business at 1220 Broadway, Suite 700, New York, NY 10001, and was and now is engaged in business as a common carrier of goods for hire, and owned, operated, controlled, managed, chartered and/or issued bills of lading for the common carriage of goods aboard the above-named vessel.

3. At and during all material times mentioned herein, defendant CAPE DENISON SCHIFFAHRTS GMBH & CO. KG ("Denison") was and is a corporation or other business entity organized and existing by virtue of foreign law with an office and place of business at Axel-Springer-Platz 3, Hamburg, Germany 20355, and was and now is engaged in business as a common carrier of goods for hire, and owned, operated, controlled, managed, chartered and/or issued bills of lading for the common carriage of goods aboard the above-named vessel.

4. At and during all material times mentioned herein, defendant KONIG & CIE. GMBH & CO. KG ("König") was and is a corporation or other business entity organized and existing by virtue of foreign law with an office and place of business at Axel-Springer-Platz 3, Hamburg 20355, Germany, and was and now is engaged in business as a common carrier of goods for hire, and owned, operated, controlled, managed, chartered and/or issued bills of lading for the common carriage of goods aboard the above-named vessel.

5. At and during all material times mentioned herein, defendant COLUMBIA SHIPMANAGEMENT (DEUTSCHLAND) GMBH ("Columbia") was and is a corporation or other business entity organized and existing by virtue of foreign law with an office and place of business at Große Elbstraße 275, Hamburg 22767, Germany, and was and now is engaged in

business as a common carrier of goods for hire, and owned, operated, controlled, managed, chartered and/or issued bills of lading for the common carriage of goods aboard the above-named vessel.

6. At and during all material times mentioned herein, defendant SWIRE SHIPPING LTD. ("Swire") was and is a corporation or other business entity organized and existing by virtue of foreign law with an office and place of business at Swire House, 59 Buckingham Gate, London SW1E 6AJ, England, and was and now is engaged in business as a common carrier of goods for hire, and owned, operated, controlled, managed, chartered and/or issued bills of lading for the common carriage of goods aboard the above-named vessel.

7. At and during all material times mentioned herein, defendant M/V PACIFIC DESTINY ("the Vessel") was and now is a general cargo vessel built in 2002, of 23132 gross register tons, sailing under the Marshall Islands flag, engaged in the common carriage of goods by sea for hire, and now is, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or is otherwise subject to jurisdiction pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

8. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1333.

9. The U.S. District Court for the Southern District of New York is the proper venue for this action based on the forum-selection clauses contained in the relevant bills of lading for the shipment at issue.

10. In February 2009, there was delivered to the Vessel and defendants Samyoung, Denison, König, Columbia, and Swire, in good order and condition and suitable in every respect for the intended transportation, a 1346.052 metric ton shipment of steel pipes ("the Cargo"), as more fully described in Samyoung bill of lading no. 1435KSA/SAI/HOS/ 0384/0809 and Swire bill of lading INBOM0129035, which Defendants received, accepted and agreed to transport for certain consideration from Mumbai, India to Houston, Texas.

11. Upon the Vessel's arrival at the Port of Houston, Texas, the Cargo was found to be rusted by seawater, chemically contaminated, and/or physically damaged.

12. The Vessel was unseaworthy at the commencement of the voyage and was otherwise unfit for the intended voyage, which resulted in the loss and/or damage to the Cargo.

13. By reason of the premises, Defendants were negligent and careless in their handling of Plaintiff's Cargo, breached their duties and obligations as common carriers and bailees of the Cargo, and were otherwise at fault.

14. Plaintiff brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

15. Plaintiff has duly performed all duties, obligations, and conditions precedent to be performed on its part.

16. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $1,011,796.04.

**WHEREFORE**, plaintiff QT Trading prays:

1. That process in due form of law according to the practice of this Court may issue against the defendants Samyoung, Denison, König, Columbia, and Swire, citing them to appear and answer the foregoing;

2. That process of arrest in due form of law according to the practice of this Honorable Court and Rule C of the Federal Rules of Civil Procedure may issue against the M/V PACIFIC DESTINY, her engines, boilers, tackle, etc.; that all persons having or claiming an interest therein be cited to appear and answer under oath the matters herein; that judgment be entered in favor of Plaintiff as aforesaid; that the Vessel be condemned, sold, and the proceeds of the sale be brought into this Court and applied to pay Plaintiff the sums found due it;

3. That a decree may be entered in the favor of Plaintiff against the Vessel and defendants Samyoung, Denison, König, Columbia, and Swire in the amount of $1,011,796.04, together with interest and costs; and

4. For such other relief as this Court may deem just and proper.

Dated: New York, New York
      January 7, 2010

                        HILL RIVKINS & HAYDEN LLP
                        Attorneys for Plaintiff
                        QT Trading, LP

By: _____
                        Justin M. Heilig
                        45 Broadway, Suite 1500
                        New York, NY 10006
                        (212) 669-0600
                        (212) 669-0699

## VERIFICATION

I, Justin M. Heilig, hereby affirm as follows:

1. I am an associate at Hill Rivkins & Hayden LLP, attorneys for plaintiff QT TRADING, LP;

2. I have prepared and read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief;

3. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them;

4. As plaintiff is a Delaware corporation or other business entity and none of its officers are located in the Southern District of New York, this verification is made by me as counsel of record.

I hereby affirm, under penalty of perjury, that the foregoing statements are true and correct.

Dated: New York, New York
       January 7, 2010

_____
Justin M. Heilig