UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
QT TRADING, LP,

                Plaintiff,

    -against-

M/V PACIFIC DESTINY, et al.,

                Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/10

10 Civ. 118 (RMB) (RLE)

**ORDER**

### I.  Background

On May 17, 2010, the Court entered a default judgment ("Judgment") following the failure of Samyoung America, Inc. ("Samyoung" or "Defendant") to answer QT Trading, LP's ("Plaintiff's") complaint, dated January 7, 2010, or otherwise to appear in this case. (See Judgment at 1.) The Court referred the issue of damages to United States Magistrate Judge Ronald L. Ellis for determination. (See Judgment at 2.) On June 29, 2010, Plaintiff submitted affidavits in support of its proposed damages and Defendant (again) failed to respond. (See Report and Recommendation, dated Oct. 20, 2010, at 1.) On October 20, 2010, Judge Ellis issued a thorough report and recommendation ("Report"), recommending, among other things, that Plaintiff be awarded $1,011,796.04 in damages. (See Report at 4.)

The Report advised that, "pursuant to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections" and "[f]ailure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal . . ." (Report at 5); see Thomas v. Arn, 474 U.S. 140, 145, 155 (1985). Neither Plaintiff nor Samyoung has filed any objections to the Report.

On November 2, 2010, co-defendants Cape Denison Schiffarts GmbH & Co. KG, Konig & Cie. GmbH & Co. KG, and Columbia Shipmanagement (Deutchland) GmbH ("Remaining Defendants") – who were not involved in the default proceeding – filed an objection, asserting, among other things, that "the [Report] failed to expressly provide that its findings of fact and conclusions of law only bind defaulting defendant Samyoung." On November 3, 2010, defendant Swire Shipping Ltd., filed an objection "for the same reasons given by [Remaining] Defendants . . . in their [o]bjections."

**For the reasons set forth below, the Court adopts the Report's recommendations in its entirety.**

## II.   Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas, 474 U.S. at 149. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

## IV.   Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Ellis concluded that Plaintiff's alleged damages "appear to be in order." And, among other reasons, Defendant "has not submitted any evidence to challenge the numbers submitted by [Plaintiff]." (Report at 5); see Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)

("while a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof"); Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

Judge Ellis also concluded that Samyoung is liable for the amount of damages established by Plaintiff because, among other reasons, Defendant "has failed to assert any affirmative defenses" and, as noted, has failed to offer any evidence regarding damages. (Report at 4); see Binladen BSB Landscaping v. M.V. Nedloyd Rotterdam, et al., 759 F.2d 1006, 1009 (2d Cir. 1985); M. Golodetz Exp. Corp. v. S/S Lake Anja, 571 F.2d 1103, 1111–12 (2d Cir. 1985).

As to the Remaining Defendants' objections, the Report specifically finds that "on July 15, 2010, [Plaintiff] and the remaining [d]efendants submitted a stipulation that the determination of damages against Samyoung would have no preclusive or binding effect on the rights and liabilities of the remaining [d]efendants." (Report at 2–3); see generally Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61 (2d Cir. 1981).

## IV. Conclusion and Order

For the reasons set forth therein and herein, the Court adopts the Report in its entirety. Judgment is entered in favor of Plaintiff and against Defendant Samyoung for $1,011,796.04 in damages.

Dated: November 9, 2010
New York, New York

_RMB_
RICHARD M. BERMAN, U.S.D.J.